873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ARABIAN AMERICAN OIL COMPANY, Plaintiff-Appellee,
v.
William H. ANDERSON, Defendant-Appellant.
 No. 88-3574.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1989.
Decided: April 5, 1989.
Rehearing and Rehearing In Banc Denied April 25, 1989.
 
 Max Dewey Ballinger, Sr., for appellant.
 Julie A. Davis; Allen Holt Gwyn (Patton, Boggs & Blow, on brief), for appellee.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 William H. Anderson appeals the judgment of the district court, entered after a bench trial, in favor of Arabian American Oil Company (ARAMCO) on a claim of unjust enrichment against Anderson. Appellant claims that the trial court erred in ruling that the law of Saudi Arabia recognized a claim of unjust enrichment, in its finding of the monetary amount of such unjust enrichment, in ignoring equitable considerations, and in dismissing and/or in granting summary judgment on all counts in his counterclaim.
 
 
 2
 Appellant was an employee of ARAMCO and worked for several years in Saudi Arabia. As there was no English-speaking school available in Saudi Arabia for English-speaking teenagers, ARAMCO recognized the financial hardship which might result to the families of its employees working there, and it set up the Educational Assistance Program. This provided financial aid to parents for the education of their children in the United States. Anderson had a son and daughter of high school age, and he applied for benefits under this program. Such benefits were paid to Anderson, but the court found that he had made numerous misrepresentations as to tuition and other educational expenses, and that he had submitted forged documents in obtaining such benefits funds for the years 1980/81 and 1982/83. Upon discovery of this deception, ARAMCO discharged appellant, and after he had spent a short period of incarceration in Saudi custody, he was returned to the United States. ARAMCO brought this action to recover the excess funds paid, and Anderson counterclaimed alleging breach of his employment contract and numerous other claims.
 
 
 3
 The district court applied Saudi law and had the benefit of affidavits from experts as to Saudi law applicable to ARAMCO's claim and appellant's counterclaims. The court found that Saudi law recognized the cause of action of unjust enrichment and determined the amount due the plaintiff. The court applied Saudi law in dismissing or granting summary judgment against all of the appellant's causes set forth in his counterclaim.
 
 
 4
 We find that the district court was correct in applying lex loci delicto. Boudreau v. Baughman, 368 S.E.2d 849 (N.C.1988). The question of what is the Saudi law on any given point is a question of fact, and the district court's findings as to the applicable Saudi law and its other findings are not clearly erroneous.
 
 
 5
 We affirm for the reasons found by the district court in its opinions in Arabian American Oil Company v. Anderson, decided June 24, 1987 and June 3, 1988 (C-85-371-WS).
 
 
 6
 AFFIRMED.